85 F.3d 632
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David R. WINTERS-EL, Plaintiff-Appellant,
v.
Kathleen M. HAWK, et al., Defendants-Appellees.
 No. 95-3928.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 Order
 
 1
 David Winters-El was incarcerated at the federal prison in Terre Haute, Indiana, between March 1992 and June 1994. This Bivens action rests on the theory that the defendants violated the cruel and unusual punishments clause of the eighth amendment by exposing him to asbestos fibers. Winters-El does not claim to have any asbestos-related condition, but nonetheless demands millions of dollars in damages.
 
 
 2
 Asbestos was used in the construction of the prison at Terre Haute. Winters-El claims that fibers entered the air and were capable of causing disease, and that the defendants were deliberately indifferent to this hazard. The district court granted summary judgment after concluding that the undisputed evidence showed that, far from being indifferent, the defendants had established an active program of monitoring for asbestos problems and fixing any that could be found. This decision is sound.
 
 
 3
 The only evidence that asbestos fibers entered the air at the prison is plaintiff's own affidavit that "white crystal like" dust periodically covered areas of the prison. Nothing suggests that the dust was asbestos--it was not tested, plaintiff is not an expert in identifying asbestos, and plaintiff did not proffer any scientific literature about the appearance of friable (loose and airborne) asbestos. What literature we have found says that the kind of asbestos released from building insulation is invisible to the naked eye, and federal regulations call for laboratory analysis to separate asbestos from simple dirt. See 29 C.F.R. § 1910.1001 (App. A); see also United States v. Midwest Suspension & Brake Co., 49 F.3d 1197, 1204 (6th Cir.1995). For their part, defendants filed affidavits stating that proper scientific testing revealed no airborne asbestos in the prison, and plaintiff has not offered any technical evidence that would call the accuracy of those tests into question.
 
 
 4
 Evidence in this case also fails to establish that the defendants were indifferent to a serious risk of harm to the prisoners. See Farmer v. Brennan, 114 S.Ct. 1970 (1994). The prison's safety manager, Randall Vastlik, conducts an ongoing asbestos-control program. Any open asbestos insulation is promptly detected and sealed or removed. (It becomes open because of vandalism by the prisoners.) The existence of this program, carried out by a properly trained staff member, establishes that plaintiff cannot meet the mental-state element of an eighth amendment claim.
 
 
 5
 One final comment is in order. The district court dismissed the complaint against Kathleen Hawk, the Director of the Federal Bureau of Prisons, for lack of personal jurisdiction. Yet venue was proper under 28 U.S.C. § 1391(b)(2), because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Indiana. Hawk's (alleged) failure to control the actions of her subordinates in Indiana also would permit personal jurisdiction under Fed.R.Civ.P. 4(k)(1)(a) (via Indiana's long-arm rules), if not under Rule 4(k)(2) (on the theory that Indiana is the only state in which Hawk would be a proper defendant, and nationwide service of process is authorized to vindicate claims under national law). We need not tidy this up, however, because Winters-El loses on the merits.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)